UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. FITTEN, | No. 2:21-cv-00513 TLN AC (PS) |
| Plaintiff, | |
| v. | ORDER and |
| JOHN E. WHITLEY, Acting Secretary of the Army, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Before the court is defendant's motion to dismiss the complaint as time barred. ECF No. 6. Plaintiff filed an opposition to the motion (ECF No. 11), a motion to amend his opposition (ECF No. 12), and a motion for leave to file a surreply (ECF No. 15). The undersigned grants plaintiff's motions at ECF Nos. 12 and 15, and has considered all briefing submitted in relation to the statute of limitations issue. For the reasons set forth below, defendant's motion to dismiss (ECF No. 6) should be granted.

### I.   ALLEGATIONS OF THE COMPLAINT

Pro se plaintiff Steven M. Fitten is an attorney who brings suit against defendant John E. Whitley, the Acting Secretary of the Army, for employment discrimination. ECF No. 1 at 1-2.

1  The complaint asserts the following claims: discrimination based on race (African, Hispanic, and
2  Native American ancestry) and retaliation, under Title VII of the 1964 Civil Rights Act;
3  discrimination based on race and reprisal (prior employment discrimination protected complaint
4  activity) under 42 U.S.C. §§ 1981 and 1981a; and discrimination based on age and reprisal (age
5  69) under the Age Discrimination in Employment Act ("ADEA").  ECF No. 1 at 1.
6       The complaint alleges as follows.  Plaintiff is a 69-year-old male of African, Hispanic and
7  Native American ancestry, who has been admitted to practice law in Ohio and federal courts since
8  1978 and served as an attorney in various military branches in a career spanning over 30 years.
9  Id. at 2-3.  Since retirement from federal civilian service in May 2013, plaintiff maintained his
10 proficiency and credentials.  Id. at 3.  Between July 2016 and March 2017, plaintiff applied via
11 the USAJOBS website for two civilian attorney positions in the USACE South Pacific Division,
12 Sacramento District Office.  One vacancy was for a labor attorney position, for which plaintiff
13 applied in mid-July 2016.  Id. at 4.  The second vacancy was a contract attorney position, for
14 which plaintiff applied at the end of March 2017.  Id.
15      Plaintiff interviewed for both positions and was initially rated as the best qualified
16 applicant for each vacancy by the selection panel.  Id.  Plaintiff was initially chosen for the
17 contract attorney vacancy by Sacramento District Counsel Al Faustino, but USACE David
18 Cooper, a white male, disapproved the hiring.  Id.  Cooper also blocked plaintiff from being hired
19 for the labor attorney position.  Id.  A white female in her 30s was hired for the labor attorney
20 position and an Asian male was hired for the contract attorney position; each had less experience
21 than plaintiff.  Id.  Cooper refused to hire plaintiff for any USACE positions because, prior to the
22 time he applied for the Sacramento positions, plaintiff had filed EEO employment discrimination
23 complaints naming the USACE Counsel as a discriminating party.  Id. at 5.

## II.  MOTION TO DISMISS

25      Defendant moves to dismiss this case, arguing that plaintiff's complaint is untimely
26 because it was filed beyond the 90-day time limit from plaintiff's acknowledged receipt of the
27 Final Agency Decision by email on December 1, 2020.  ECF No. 6-1 at 1.  Plaintiff opposes the
28 motion on the ground that the 90-day period began to run when he received a hard copy of the

FAD by certified mail on December 22, 2020, making the complaint timely. ECF Nos. 11, 15.

### III.  LEGAL STANDARDS

A.  Motion to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
2  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
3  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
4  2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential
5  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
6  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se
7  litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,
8  unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809
9  F.2d 1446, 1448 (9th Cir. 1987).

10  Although the court ordinarily is limited to the complaint in deciding a Rule 12(b)(6)
11 motion, it may consider documents by judicial notice which are referenced in the complaint, the
12 authenticity of which cannot be questioned, or that are relied on by a plaintiff.  No. 84 Employer-
13 Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th
14 Cir. 2003); Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  The court may also consider
15 "records and reports of administrative bodies" on a Rule 12(b)(6) motion.  Mack v. S. Bay Beer
16 Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed.
17 S&L Ass'n v. Soimino, 501 U.S. 104 (1991).  This includes EEO administrative records to
18 determine if a plaintiff timely filed suit or properly exhausted remedies.  See Lacayo v. Donahoe,
19 No. 14-cv-4077, 2015 WL 993448, at *9-10 (N.D. Cal. Mar. 4, 2015).

20  B.  Statute of Limitations

21  Title VII was amended by the Equal Employment Opportunity Act to prohibit
22 discrimination against federal employees and applicants for federal employment.  42 U.S.C. §
23 2000e-16b; see Greenlaw v. Garrett, 59 F.3d 994, 999 (9th Cir. 1995).  A federal applicant must
24 first seek relief in the agency that allegedly discriminated or retaliated against him.  Kraus v.
25 Presidio Trust Facilities Div., 572 F.3d 1039, 1043 (9th Cir. 2009) (citing Brown v. GSA, 425
26 U.S. 820, 832 (1976)).  Once the agency has made a final determination internally, the applicant
27 may file suit against the agency "within 90 days of receipt of notice of final action[.]"  42 U.S.C.
28 § 2000e-16(c).  The Code of Federal Regulations reiterates the 90-day time limit and makes clear

that it also applies to claims under the ADEA.  29 C.F.R. § 1614.407[1] ("A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA, the Rehabilitation Act, and Genetic Information Nondiscrimination Act to file a civil action in an appropriate United States District Court: (a) Within 90 days of receipt of the agency final action on an individual[.]") "This ninety-day period is a statute of limitations." Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997).  Accordingly, any action brought after the 90-day limitations period is time-barred.  Id.

This 90-day limitations period is not jurisdictional and may, in certain circumstances, be subject to equitable tolling such that an untimely claim can proceed.  Irwin, 498 U.S. at 96.  "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id.  Equitable tolling is not appropriate when the excuses for a plaintiff's late filing amount to "a garden variety claim of excusable neglect" or where the plaintiff has failed to exercise due diligence in preserving their legal rights.  Irwin, 498 U.S. at 95-96.

### III.   FACTS REGARDING TIMELINESS

The complaint alleges that EEOC Final Agency Decisions ("FADs") were requested, rendered, and served upon plaintiff by certified mail on December 22, 2020.  Id. at 5.  The FAD itself, which is attached as an exhibit to plaintiff's complaint, is dated July 30, 2020.  ECF No. 1 at 21-44.  The document states, in relevant part, that plaintiff has 90 calendar days from receipt of the FAD to file a civil action in an appropriate United States District Court.  Id. at 44.

On November 27, 2020, plaintiff emailed Spurgeon Moore, the Director of the Equal Employment Opportunity Compliance and Complaints Review (EEOCCR) for the USACE (who authored and signed the final agency decision), asking for a status update on the issuance of final agency decisions for three open EEO complaints he had filed against it.  Plaintiff used an "@att.net" email address, which was different from the "@hotmail.com" address that plaintiff

---

[1] Part 1614 of Title 29, Subtitle B, Chapter 19 (Equal Employment Opportunity Commission) of the Code of Federal Regulations applies specifically to federal sector employees and applicants.

had provided to the USACE or the EEOC for his EEO complaint. Declaration of Larry Estrada (ECF No. 6-2) ¶¶ 9-10 & Exs. 2, 3.

It is undisputed, and plain from the face of the complaint, that plaintiff received an email containing the FAD that was sent to his "att.net" account on December 1, 2020. ECF No. 1 at 20. On December 11, 2021, plaintiff sent an email which reads, in relevant part, as follows:

> Recently I had some problems going back to May with my Hotmail account receiving and opening pictures and PDF files. Particularly, I was unable to open and print FAD decisions ARCHEONO16SEP0368 and ARCEFE17MAR00840, received 1 December 2020 via E-mail at this att.net account from EEOCCR. Also, EEOCCR informed me that their personnel are working remotely and unable to furnish hard copies of the requested FADs.

Id.

In his opposition to the present motion, plaintiff confirms he received the December 1, 2020 email. He states that he received a communication "on December 1, 2020 via his [att.net] account, purportedly containing the FAD copy. Plaintiff acknowledged receiving the email that same date, but did not open the attachment, because he did not feel well enough right then to continue working and began recuperating in bed for several days thereafter. . . . The following week, Plaintiff fared better and was finally able to review the E-mail but could not open the attachment that ostensibly contained a copy of the FAD at issue." ECF No. 12 at 5.

Plaintiff requested a hard copy of the FAD by certified mail, and after some back-and-forth email correspondence, which is also attached to the complaint, the hard copies were sent and received as demonstrated by an attached USPS tracking receipt, on December 22, 2020 at 12:24 p.m. Id. at 12. This action was filed on March 22, 2021. ECF No. 1.

**IV.     DISCUSSION**

A. Plaintiff's Title VII and ADEA Claims are Time-Barred

Both the ADEA and Title VII claims are subject to the statutory 90-day limitations period. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. Defendant contends that the 90-day statute of limitations started running when it initially attempted service on July 30, 2020 to plaintiff's "@hotmail.com" address, which plaintiff had provided to the USACE and EEOC for all EEO related correspondence. ECF No. 6-1 at 2. Plaintiff argues that the FAD was required to be

6

served by certified mail, and the limitations period therefore did not begin to run until he physically received a hard copy of FAD on December 22, 2020.  ECF No. 12 at 10-11.

The court finds that the 90-day clock began ticking no later than December 1, 2020, the date plaintiff received the FAD via email but did not attempt to open the attachment.  The Supreme Court has affirmed in the 42 U.S.C. §2000e-16(c) context that the limitations "period begins to run on the date that the EEOC right-to-sue letter is *delivered to* the offices of formally designated counsel or to the claimant, even if counsel himself did not actually receive notice until later."  Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 91 (1990) (emphasis added).  The Ninth Circuit has been clear that courts will "measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record."  Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1122 (9th Cir. 2007).[2]

Army regulations permit final agency decisions on EEO complaints to be served by email, and plaintiff verified receipt of the final agency decision on December 1, 2020.  Estrada Decl. ¶ 18 & Exs. 4, 6.  Army Regulation ("AR") 690-600,[3] the current version of which has been in effect since March 9, 2004, governs service of FADs and actions for EEO claims made to the U.S. Army.  Section 1-25, subsection (d) of AR 690-600[4] expressly permits serving all correspondence on complainants by facsimile or email so long as receipt by complainant and any representatives can be confirmed.  Due to the COVID-19 pandemic, email and electronic notice have become the USACE's designated means of sending and receiving all correspondence

---

[2] Panyan is a case against a private employer and thus involves the 90-day filing limit applicable to non-federal employees (42 U.S.C. § 2000e–5(f)(1)).  The Ninth Circuit has relied on Panyan to determine when Title VII's 90-day filing limit begins to run for federal employees under 42 U.S.C. § 2000e-16(c).  See Williams v. Perdue, 731 F. App'x 726 (9th Cir. 2018) (memorandum decision).

[3] The applicable AR is publicly available on the U.S. Army's website at https://armypubs.army.mil/epubs/DR_pubs/DR_a/pdf/web/r690_600.pdf.

[4] This subsection reads: "The use of facsimile or electronic mail by EEO officials as a means to transmit official correspondence to the complainant and representative is discouraged and should only be used in situations where timeliness is a critical issue.  In such situations, the EEO official will confirm receipt of the official correspondence by the complainant and representative.  The facsimile transmittal document or a copy of the electronic message will be maintained in the complaint file.  When facsimile or electronic mail are used, the record must be protected from unauthorized disclosure.

relating to EEO complaints, including service of final agency decisions. Estrada Decl. at ¶ 19. The USACE made this explicitly clear to plaintiff via email on December 4, 2020. Id. at ¶ 14 & Ex. 5.

Agencies have often served final agency decisions on complainants by email even outside of the COVID-19 context, and case law has held that the 90-day limitations period begins once the email is received. For example, in McCoy v. Department of Army, a former employee of the Army Corps of Engineers brought a claim against the Army under the Rehabilitation Act, which is subject to the same 90-day statute of limitations as Title VII and the ADEA. 789 F. Supp. 2d 1221, 1227 (E.D. Cal. 2011). Plaintiff McCoy received an emailed copy of the FAD on April 16, 2009 and on April 17, 2009; she then received a copy of the FAD via certified mail on April 23, 2009. Id. Plaintiff, proceeding in pro se at the time, filed a complaint within 90 days of receiving the certified mail copy of the FAD, but 92 days after first receiving the FAD by email. Id. at 1228. U.S. District Judge Lawrence K. Karlton ruled that the original email receipt of the FAD triggered the 90-day limitations period. Id.[5] Importantly, Judge Karlton found that "[a]lthough not precisely defined in the statute, regulations, or Ninth Circuit case law, other circuits have held that 'receipt' of final agency action is actual or constructive notice of the action, and that it need not be by mail, or even written." Id. at 1227; see also, Karr v. Napolitano, No. C-11-02207, 2012 WL 4462919, at *7 (N.D. Cal. Sept. 25, 2012) (dismissing claim because plaintiff received final agency decision by email but failed to file suit within 90 days of receipt); Smith v. Wilkie, No. CV-20-8015, 2020 WL 7828762, at *2 (D. Ariz. Dec. 31, 2020) (granting 12(b)(6) motion where plaintiff filed suit 92 days after receiving final agency decision by email).

The facts alleged by plaintiff in this case establish that he received notice no later than December 1, 2020, when he confirmed receipt of the FAD via his "att.com" email address but chose not to attempt to open the attachment. ECF No. 12 at 5; ECF No. 1 at 20. The caselaw is clear that the 90-day statute of limitations was triggered on the day plaintiff received the FAD,

---

[5] The court ultimately found that the plaintiff was entitled to equitable tolling because she relied on misstatements of the law from defense counsel at the EEO hearing and throughout the EEO process in which counsel informed plaintiff that documents needed to be served by certified mail and electronic service was insufficient. Id.

whether he attempted to open the email attachment or not. Plaintiff had actual knowledge of the issuance of the FAD no later than December 1, 2020, and absent the applicability of equitable tolling, plaintiff's March 22, 2021 filing of this case was untimely. The court recognizes this may seem a harsh and inflexible result, but it is required by the statute of limitations, which exists to provide finality to litigation and prevent stale lawsuits.

### B. Plaintiff is Not Entitled to Equitable Tolling

Plaintiff argues that even if his case is time-barred, equitable tolling should prevent dismissal. The court disagrees. Equitable tolling, which prevents a time-bar under certain circumstances, is available only in "extreme cases and gives the court latitude in a case-by-case analysis." Scholar v. Pac. Bell, 963 F.2d 264, 267-68 (9th Cir. 1992). It should "be applied only sparingly… and courts have been generally unforgiving… when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights[.]" Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997) (alteration, citations, and internal quotation marks omitted). There is no basis for equitable tolling here. Plaintiff, though representing himself, is an experienced attorney by his own account and should be well acquainted with the operation of statutes of limitation. Plaintiff knew he received, and acknowledged receiving, the FAD on December 1, 2020. Even if he did not view the contents until he received the copy by certified mail on December 22, 2020 or shortly thereafter, he had ample time thereafter to file a lawsuit. In choosing to file suit exactly 90 days from the date the certified mail copy was delivered he engaged in a game of chicken with the statue of limitations which, unfortunately for plaintiff, the law dictates he must lose. Equitable tolling cannot save this case from the harsh realities of the applicable state of limitations.

### C. Plaintiff's Remaining § 1981 Claim is Not Viable

Plaintiff includes a claim for employment discrimination based on retaliation for engaging in protected activities pursuant to 28 U.S.C. §1981. Section 1981 provides that all persons within the jurisdiction of the United States shall have the same right in every State to make and enforce contracts, to sue, to be parties, to give evidence, and to enjoy the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall

be subject to the same punishment, penalties, and taxes. 42 U.S.C. § 1981.  It is well established that a federal employee or applicant alleging employment discrimination based on race, color, religion, sex, or national origin has a complete remedy under Title VII, and this precludes a separate cause of action under 42 U.S.C. § 1981.  Brown v. Gen. Servs. Admin., 425 U.S. 820, 834 (1976) (holding that Title VII is the exclusive judicial remedy for claims of discrimination in federal employment); Williams v. Gen. Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990) (precluding, in the federal employment discrimination context, claims such as tort and constitutional claims that seek to redress wrongs predicated on discriminatory employment actions where an "adequate statutory procedure exists for dealing with such claims"); White v. Gen. Servs. Admin., 652 F.2d 913, 917 (9th Cir.1981) (holding that Title VII is the sole remedy for a race discrimination claim by a federal employee, including claims of retaliation for filing EEO complaints).

Defendant did not address the timeliness or legal sufficiency of plaintiff's § 1981 claim in the pending motion to dismiss.  ECF No. 6-1.  This cause of action must nonetheless be dismissed.  "A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987)(internal citations omitted).  Because plaintiff cannot possibly win relief on his claim under §1981, dismissal is recommended.

D.  Leave to Amend is Not Appropriate

Plaintiff's complaint is fatally flawed because all viable claims are time-barred.  Although a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured.  Noll, 809 F.2d at 1448.

**V.  CONCLUSION**

Accordingly, the undersigned orders that plaintiff's motions at ECF No. 12 and ECF No. 15 are GRANTED, and the court has considered all applicable briefing.

The court further RECOMMENDS that the motion to dismiss at ECF No. 6 be GRANTED and that this case be dismissed without leave to amend because it is time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 13, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE